UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROGER MARTIN,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

Case No. 1:24-cv-1317

HON. JANE M. BECKERING

## **OPINION AND ORDER**

    Plaintiff Roger Martin, proceeding pro se, filed this lawsuit to contest the Commissioner's August 1, 2023 decision, which found that he was overpaid Supplemental Security Income (SSI) benefits. Defendant filed a motion to dismiss (ECF No. 6), to which Plaintiff filed a response (ECF Nos. 12 & 14). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court grant the motion to dismiss. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation (ECF No. 16), to which Defendant filed a response (ECF No. 17). 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3) require the Court to perform de novo consideration of those portions of the Report and Recommendation to which objections are made. For the following reasons, the Court denies Plaintiff's objections.

    The Magistrate Judge carefully considered Plaintiff's claims. First, regarding Plaintiff's claim under the Eighth Amendment's cruel-and-unusual-punishment clause, the Magistrate Judge concluded that Plaintiff's conclusory allegations were insufficient to state a plausible claim for relief (R&R, ECF No. 15 at PageID.66–67, citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Second, regarding Plaintiff's equal protection claim, the Magistrate Judge concluded that Plaintiff's receipt of SSI benefits does not make him a member of a suspect class, that Plaintiff has no fundamental constitutional right to those benefits, and that Plaintiff failed to set forth a plausible claim that the SSI resource limitation is an arbitrary classification without rational basis (*id.* at PageID.68).

This Court's Local Civil Rule 72.3(b) provides that "[a]ny party may object to a magistrate judge's proposed findings, recommendations or report within fourteen (14) days after being served with a copy thereof unless a different time is prescribed by the magistrate judge or a district judge." W.D. Mich. LCivR 72.3(b). "Such party shall file and serve written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections." *Id.*

In his one-page submission to the Court, Plaintiff states that (1) the Social Security Administration (SSA) is "discriminating against handicapped people within their system of classification," (2) the SSA's neglect in failing to adjust the resource limit for SSI recipients "makes the program of need a perverse program of cruel and unusual punishment," and (3) the "collection of 'overpayments' is cruel and unusual punishment" (ECF No. 16 at PageID.71).

Plaintiff's submission does not reference the Report and Recommendation. He fails to assert, let alone demonstrate, any error in the Magistrate Judge's analysis. Moreover, as Defendant points out in response, Plaintiff's continued reliance on the Eighth Amendment's cruel-and-unusual-punishment clause is misplaced inasmuch as the Supreme Court has held that the clause applies to criminal matters (ECF No. 17 at PageID.73–74, citing *Ingram v. Wright*, 430 U.S. 664, 671 (1977) ("An examination of the history of the Amendment and the decisions of this Court construing the proscription against cruel and unusual punishment confirms that it was designed to

protect those convicted of crimes.") (concluding that the Eighth Amendment was "inapplicable" to corporal punishment imposed by public schools)).  For these reasons, the Report and Recommendation is properly adopted as the Opinion of the Court.

Accordingly:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 16) are DENIED, the Report and Recommendation of the Magistrate Judge (ECF No. 15) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant's motion to dismiss (ECF No. 6) is GRANTED for the reasons stated in the Report and Recommendation.

A Judgment will be entered consistent with this Opinion and Order.  *See* FED. R. CIV. P. 58.

Dated:  July 16, 2025

/s/ Jane M. Beckering
JANE M. BECKERING
United States District Judge